# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION


CHRISTINE JOHNSON,

      Plaintiff,

vs.                                  CASE NO. 4:09-cv-306/RS/WCS

STATE OF FLORIDA, DEPARTMENT
OF ELDER AFFAIRS,

      Defendant.

_____/


## ORDER

Before me are Defendant's Motion for Summary Judgment (Doc. 33) and

Plaintiff's Response and Memorandum of Law in Opposition (Doc. 41).

Plaintiff has sued Defendant for alleged race discrimination and retaliation

pursuant to Chapter 760, Florida Statutes, 42 U.S.C. §2000e *et seq.* (Title VII), and

42 U.S.C. §1981a. Plaintiff alleges that she was treated differently than her white

co-workers and "was fired on both the basis of her race and as a form of

retaliation for reporting discriminatory hiring practices." (Doc. 15, ¶6).

Defendant has moved for summary judgment.

## I. STANDARD OF REVIEW

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 251).

## II. ANALYSIS

### A.    Race Discrimination

Without detailed analysis, I find that Plaintiff has provided ample evidence from which a jury could find Defendant liable for race discrimination. The depositions of supervisor Sam Fante and manager Diane Glover support Plaintiff's claim of discrimination. (Docs. 43-7, 43-8). While it is possible that both Fante and Glover possess ulterior motives in providing their deposition testimony, the amount of weight to be given a witness' testimony is a matter within the sole discretion of the jury. Because Plaintiff has provided sufficient evidence that the jury could reasonably rely upon to determine discrimination, I must deny Defendant's motion for summary judgment as it pertains to the count of racial discrimination.

## B.    Retaliation

In order to prevail on a claim for retaliation under Title VII, Plaintiff must first present a *prima facie* case by establishing the following: 1) she engaged in activity protected by the statute; 2) she suffered an adverse employment action; and 3) that there is a causal connection between the protected activity and the adverse employment decision. *See Little v. United Tech.,* 103 F.3d 956 (11th Cir.1997)); *Goldsmith v. City of Atmore,* 996 F.2d 1155, 1163 (11th Cir.1993). In connection with establishing protected activity, Plaintiff must also show that she believed in good faith that Defendant's employment practices were unlawful and

that her belief was objectively reasonable. *Little,* 103 F.3d at 960. If Plaintiff can establish a *prima facie* case, Defendant must proffer a legitimate, non-retaliatory reason for the adverse employment action; however, Plaintiff bears the ultimate burden of proving by a preponderance of the evidence that Defendant's articulated reason is a pretext for prohibited retaliatory conduct. *Olmsted v. Taco Bell Corp.,* 141 F.3d 1457, 1460 (11th Cir.1998). There is no dispute that Plaintiff's termination constitutes an adverse employment action. Plaintiff, however, fails to establish either the first or third elements of her *prima facie* case.

The first element of Plaintiff's *prima facie* case of retaliation requires her to establish that she engaged in statutorily protected opposition conduct. To do so, Plaintiff must show that she opposed conduct by the employer based upon an objectively reasonable belief that the employer was engaged in unlawful employment practices. *E.g., Harper v. Blockbuster Ent. Corp.,* 139 F.3d 1385, 1388 (11th Cir. 1998); *Brown v. Sybase, Inc.,* 287 F. Supp 2d 1330, 1346-47 (S.D. Fla. 2003). In addition, a plaintiff must show that the decisionmaker responsible for the adverse action was actually aware of the employee's protected opposition at the time the decisionmaker took the adverse action. *Brown,* 287 F. Supp 2d at 1347. *See also Brungart v. BellSouth Telecommunications, Inc.,* 231 F.3d 791, 799 (11th Cir. 2000); *Holifield v. Reno,* 115 F.3d 1555, 1566 (11th Cir. 1997). A court

will not presume that a decisionmaker was motivated to retaliate by something unknown to him or her. *Brungart,* 231 F.3d at 799. Thus, in order to constitute protected opposition activity, a plaintiff must, at the very least, communicate her belief that illegal discrimination is occurring. *Webb v. R & B Holding Co.,* 992 F. Supp. 1382, 1389 (S.D. Fla. 1998) ("It is not enough for the employee merely to complain about a certain policy or certain behavior . . . and rely on the employer to infer that discrimination has occurred.").

In the instant case, the record shows that Plaintiff did not complain expressly about racial discrimination. Plaintiff claims that her July 7, 2007, memo to Secretary Beach (Doc. 43-10) sufficiently points out differential treatment. While it is true that the memo to Mr. Beach addresses differential treatment in that it describes how Plaintiff was excluded from discussions about the program reorganization, the memo does not discuss racial discrimination, nor indicate that she felt she was being discriminated against on account of her race. Such complaints of differential treatment within the workforce are not protected by Title VII. Plaintiff also suggests that her July 5, 2007, memo to Marcy Hajdukiewicz discusses the Department's discriminatory hiring practices. The July 5 memo is a laundry list of Plaintiff's accomplishments, provided to Hajdukiewicz in an attempt to save her job. Buried within that list is a notation that on April 11, 2006, Plaintiff

participated in the "[d]evelopment of the CARES Personnel guide to review the

hiring process and ensure discriminatory practices discontinue." (Doc. 43-9 at 3).

Courts have consistently required that an employee's complaints must clearly put

an employer on notice of a violation of the law. *See Higgins v. New Balance*

*Athletic Shoe, Inc.,* 194 F.3d 252, 262 (1st Cir. 1999) (no protected activity where

plaintiff complained of supervisor's treatment but never stated a belief that it

violated Title VII or any other law); *Gleason v. Mesirow Fin.,* 118 F.3d 1134 (7th

Cir. 1997) (granting summary judgment and finding that general complaints absent

specific allegations of sexual harassment do not constitute protected activity);

*Barber v. CSX Distrib. Servs.,* 68 F.3d 694 (3d Cir. 1995) (letter to HR

complaining about unfair treatment but not specifically complaining about

discrimination is not protected activity). *See also Conrad v. Bd. of Johnson County*

*Com'rs,* 237 F.Supp.2d 1204, 1243-44 (D. Kan. 2002) (granting summary

judgment and finding that where employee complained regarding employer's

accusations of erratic behavior and fitness for duty evaluation but never

complained of ADA violation or disability discrimination, she did not engage in

protected opposition and cannot have held a reasonable belief that her complaints

were protected by the ADA). In no way could the July 5 memo put Defendant on

notice that she was opposing discrimination with the Department or that she was

making a formal complaint. Therefore, as a matter of law, Plaintiff's conduct does not rise to the level of statutorily protected opposition.

Furthermore, Plaintiff did not make even the minimum showing to establish the causation element of a *prima facie* claim of retaliation, *i.e.,* that "the employer was actually aware of the protected expression at the time it took adverse employment action." *Brown,* 287 F. Supp. 2d at 1347. *See also Clover v. Total Sys. Servs., Inc.,* 176 F.3d 1346, 1354 (11th Cir. 1999); *Raney v. Vinson Guard Serv.,* 120 F.3d 1192, 1197 (11th Cir. 1997); *Goldsmith v. City of Atmore,* 996 F.2d 1155, 1163 (11th Cir. 1993). A court will not presume that a decisionmaker was motivated to retaliate by something unknown to him or her. *Brungart,* 231 F.3d at 799. As noted above, Plaintiff's conduct cannot as a matter of law be deemed to have put her employer on notice that he was engaging in protected opposition conduct, and Defendant cannot be deemed to have been aware of any other type of protected activity by Plaintiff at the time they took the complained-of employment actions. Consequently, there is no evidence of any causal link between the complained-of actions and Plaintiff's allegedly protected conduct, and, under the instant facts and circumstances, no inference of a causal link could ever arise. *E.g., Raney,* 120 F.3d at 1198-99 (plaintiff's failure to set forth significant probative evidence regarding knowledge of employee's opposition or participation conduct

constitutes failure to carry burden of proof and entitles employer to summary

judgment).

### C. Hostile Work Environment

In Plaintiff's deposition, she alleges for the first time that she was subjected

to hostile work environment due to her race. In her response to Defendant's

Motion for Summary Judgment, Plaintiff includes one sentence stating that there is

evidence of a hostile work environment. (Doc. 41, p. 10).

"[I]t is well-settled that the plaintiff cannot amend h[er] complaint with a

later filed brief in opposition to a summary judgment motion." Coleman v. Keebler

Co., 997 F. Supp. 1094, 1101 (N.D. Ind. 1998) (citing Auston v. Schubnell, 116

F.3d 251, 255 (7th Cir. 1997); Hang On. Inc. v. City of Arlington. 65 F.3d 1248,

1255-56 (5th Cir. 1995) (recognizing that it is inappropriate for a party to assert a

claim for the first time in response to a summary judgment motion).

At this late stage in the litigation, Plaintiff is attempting to create an issue of

material fact in opposition to Defendant's Motion for Summary Judgment by

improperly asserting an entirely new theory of discrimination not asserted in the

Amended Complaint (Doc. 15). Pursuant to the well- pleaded complaint rule,

Plaintiff is required to plead each theory of discrimination in a separate count.

Fed. R. Civ. P. 10(b); *see also Hadley v. RadioShack Corp.*, 2002 WL 1159871

(S.D. Fla. April 17, 2002).  Because Plaintiff did not properly plead the theory of hostile work environment in the Amended Complaint, any hostile work environment claim is stricken.  Even if it were permissible for Plaintiff to amend her complaint at this stage of the proceedings, Plaintiff has provided no proof that the issue of hostile work environment was ever raised, thereby suggesting that the claim is barred by Plaintiff's failure to exhaust her administrative remedies.  *See Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999).

### III. CONCLUSION

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment (Doc. 33) is **DENIED as to Count I (Race Discrimination);**

2. Defendant's Motion for Summary Judgment (Doc. 33) is **GRANTED as to Count II (Retaliation);**

3. Plaintiff may not proceed on a theory of hostile work environment.

**ORDERED** on March 30, 2010.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**